By the court.
The Conrads, partners in trade ait Zanesville, in Muskingum county, and Columbus, in Franklin ■county, in this State, in July, 1860, became embarrassed, and unable to meet their liabilities; and for the purpose of preventing their property being sacrificed to pay their creditors, •sold and transferred a store of goods which they had in Zanesville, to Joseph Cassell, a man without means, who, to aid ■them in their purpose, bought the goods, and undertook to thereafter pay them for the same, some $6000, the value of said goods.
On like terms, and for a like purpose, the Conrads.the next -day sold and assigned their store of goods in Columbus, of the value of some $4000, to one, Ellis Hart, who purchased upon like terms, and for the same purpose.
The Conrads had no other property to satisfy their creditors.
In August, 1860, suits were commenced in attachment, by ■certain creditors of the Conrads, in the court of common pleas of Muskingum county, against them, and the goods at .Zanesville, so sold, taken under the orders of attachment, affidavits having been filed stating that the sale and transfer had been made by the Conrads to hinder, delay, and defraud their creditors, and upon which the orders were issued.
Similar affidavits were made by other creditors in Franklin ■county, and actions commenced, and orders of attachment issued, upon which the goods so sold at Columbus, were seized by the sheriff of that county as the property of the •Conrads. •
In November, 1860, Pancost & Co., and others, creditors of said Conrads, commenced their action in the superior court ■of Franklin county, against the Conrads, and the attaching ■creditors mentioned, in Franklin and Muskingum counties, •and asking that all other creditors of said Conrads might be *687 notified and made parties; stating in their petition the facts, circumstances, and purposes of the sale and transfer of their .goods by said Conrads, their indebtedness to the petitioners, and their insolvency ; and that said goods, so seized by the attaching creditors, had been sold, those in Muskingum county for some $5000, and those in Franklin county for some $2000, by the sheriff of the respective counties, under said orders ■of attachment; and that the said attaching creditors claimed the exclusive right to receive said money; and asserting, their right as beneficiaries with all other creditors to an equal pro rata share of the proceeds of said goods, as held in trust by said Cassell and Hart for all the creditors of said Conrads, by virtue of the statute respecting fraudulent sales and assignments, and asking an injunction against said attaching creditors so taking the fund; and that a receiver might be appointed to hold the fund, take an account, etc., and that an equitable distribution might be ordered among all the creditors.
An injunction was granted. The attaching creditors appeared and demurred to the petition. A hearing was had; the demurrers overruled; and a judgment entered as prayed for in the petition.
On petition in error in the supreme court, Held:
1. That the goods having been conveyed by the Conrads, under the circumstances, and for the purpose charged in the petition when so conveyed, became, by force of section IT of thé act of April 6, 1859 (Swan & Critchfield’s Stat. T13), in relation to assignments by insolvent debtors, property assigned in trust for the benefit of all the creditors of the debtors; and inured to the benefit of each, in proportion to the amount of their respective claims.
2. That said section 17, in no respect repealed or qualified the provisions of section 191 of the code of civil procedure, but operated merely upon the title of the property already so assigned or conveyed, affixing to it the same title under such circumstances as if expressed in a written assignment by the debtors.
3. That no creditor having applied and procured the ap *688 pointment of an assignee to execute the trust, it was competent and proper for the court so having jurisdiction of the* fund, and the parties, to direct the execution of the trust, and the distribution of the fund, in accordance with the provisions of the statute.

Judgment affirmed.